14394

PACE v. J. C. PENNEY CO., INC., *ET AL.*

(188 S. E., 659)

*Messrs. George D. Levy* and *Shepard K. Nash,* for appellant,

*Messrs. Epps & Epps,* for respondents,

December 8, 1936.

The opinion of the Court was delivered by Mr. Justice Bonham.

The defendant J. C. Penney Co., Inc., conducts a general merchandise store in the City of Sumter, of which its codefendant, B. H. Rutledge, is manager. Plaintiff brought action against them to recover damages for injuries which she alleges she sustained when she fell on the stair steps in the store, while there as a customer.

The gravamen of the charge of negligence is thus stated in the complaint: "While upon said steps plaintiff stepped

upon an accumulation of oil or other substance on said steps causing her foot to slip, throwing her violently down the steps. * * * "

At the close of all the testimony counsel for defendants moved the Court that a verdict be directed for the defendants. Thereupon, plaintiff's counsel announced that they did not ask for punitive damages.

Argument was heard on the motion as to actual damages, which motion was predicated on the two grounds, that:

First. That no actionable negligence has been shown, and there is no evidence from which a legal inference of actionable negligence can be deduced.

Second. That no evidence competent to go to the jury has been introduced to show that there was any foreign substance on the floor which was one of the proximate causes of the plaintiff's falling.

After due consideration, Judge Greene, presiding, granted the motion His statement thereabout is so concise and clear, we reproduce it here:

"The Court: I will think over the matter until tomorrow morning, because I am very much undecided about it. I think I know the principles that apply in a case like this. Knowing all the time just whether the evidence meets the requirements is a more difficult proposition than remembering the principles. Then, too, we are brought within a very narrow compass in granting nonsuits and directed verdicts.

"There is no question in this case but that the plaintiff sustained a very serious injury in that place, and at that time, according to the direct testimony, and that injury was what caused her all the trouble. It is a very serious injury, of course, but that does not prove negligence on their part. I will think it over until tomorrow.

"The Court: Gentlemen, I am not very strong on directing verdicts. I have been on the bench five years, and I doubt if I have directed five verdicts on the civil side of the Court. And I don't like to do it, but of course, in a proper case, the law requires me to do it. Now, this case has given

me a lot of concern, and when the motion for a nonsuit was made, I wanted the case to proceed so that I could study it more. And I have given it a great deal of thought, because as I stated here, this lady certainly sustained a terrible injury at the time and place mentioned in the complaint. Of course, that fact alone does not reflect on anybody.

"The theory of the case, and plaintiff's theory, is that plaintiff slipped on some slippery substance, slipped and fell on the stairway of the defendant company. She was unable to tell what it was, to say what it was. She just slipped. That is about all she could say. And she stated further that it was about half way, on the second step above the landing, in a way locating the spot where she slipped. I say she could not state what it was, but she slipped. Now, her sister goes in there Monday morning after and in looking on the stairs, she finds on this second step, about midway on the step, she saw this dark substance there, and when she applied her foot, it showed that it was elevated. That is about as much as she could say about it. Being questioned as to the kind of substance, she said it was hard, and I was somewhat puzzled at the time when that testimony came out, to know just how the plaintiff was going to prove that that was a slippery substance that she stepped on. She didn't say it was slippery, she said it was hard, and she could not say that it was elevated to any extent, except that she could feel it with her foot in moving it along the floor. My recollection is that she went a little further and said it looked like tar. But instead of being slippery, tar is sticky. That is my recollection of it. It is sticky all the time. You step out on the tarred road, you put your heel in that, you will not slip, you will stick.

"I say, the theory of the plaintiff's case is not that her foot caught there, she says she slipped. She denied her ankle turning, she says she slipped. That is the theory of the complaint, and the theory proceeded upon throughout the trial of the case. And the question is, is there any evidence whatever, or that there was anything on there that caused this

lady to slip that was due to the actionable negligence of the defendant.

"Now, I believe Mrs. Newman, plaintiff's sister, after saying this was a hard substance there, and after feeling it, stated it was slippery, but she never said anything about it being disturbed, or showing the print of anybody's foot or shoe, or being broken so as to indicate somebody had stepped on it. Then there is no evidence here whatever that what was there was there by reason of the negligence of the defendant in this action. I mean no competent evidence to go to the jury. We all know that people come into stores off the streets and roads, bringing things on their feet. Of course, other things are left in stores very often, that is a matter of common knowledge. A man comes in with a big clod of dirt on his shoe, and it drops off on the floor. Somebody might throw a piece of chewing gum on the floor. I cannot say that there is any evidence here to send this case to the jury. I regret it on my part, because I always regret to direct a verdict. I don't like to do it. Where a person has been injured, but whenever the lawyers tell me there is somebody charged with having done the injury and is guilty of negligence, and I cannot see it, of course I have got to direct a verdict, and I will have to do it in this case.

"Another thing that has struck me, on this lady's shoe there is no evidence that there was anything on the shoe, no tar or anything like that."

Plaintiff appeals on two grounds, which stated in one is: That there was sufficient evidence to go to the jury on the question of the negligence of the defendant.

We concur with the trial Judge that there was no competent evidence of negligence on the part of the defendants which was the proximate cause of plaintiff's injuries. A verdict for damages based on the testimony of plaintiff as to the cause of her foot slipping would have been wholly speculative, and it does not need the citation of authority to sustain the declaration that such a verdict is obnoxious to law.

The exceptions are overruled and the judgment of the Court below is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER, and FISHBURNE concur.